E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04930-S5**
**7/8/2021 11:56 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DEVONTAE HICKS,<br><br>    Plaintiff,<br><br>v.<br><br>SCHINDLER ELEVATOR CORPORATION, MARRIOTT INTERNATIONAL, INC., ABC CORPORATIONS (1-3), AND JOHN DOES (1-3),<br><br>    Defendants. | CIVIL ACTION FILE NO.: 21-C-04930-S5 _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW Devontae Hicks ("Plaintiff") and files this Complaint for Damages against the above-named Defendants and shows this Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Defendant Schindler Elevator Corporation ("Defendant Schindler") is a for-profit foreign corporation licensed to do business in the State of Georgia with its principal place of business located at 20 Whippany Road, Morristown, New Jersey 07960.

2.

Defendant Schindler has designated as its registered agent for service, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA, 30046, Gwinnett County, upon whom service of the Summons and Complaint for Damages can be made. At all times relevant hereto, Defendant Schindler was authorized to, and did, transact business within the State of Georgia.

1

3.

Defendant Marriott International, Inc. ("Defendant Marriott") is a for-profit foreign corporation licensed to do business in the State of Georgia with its principal place of business located at 10400 Fernwood Road, Bethesda, Maryland, 20817.

4.

Defendant Marriott has designated as its registered agent for service, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA, 30046, Gwinnett County, upon whom service of the Summons and Complaint for Damages can be made. At all times relevant hereto, Defendant Marriott was authorized to, and did, transact business within the State of Georgia.

5.

Defendants ABC Corps. 1 – 3 are individuals, corporations, limited liability companies, partnerships, or other entities whose correct identities are currently unknown and who transacted business and/or committed the acts hereinafter described in Gwinnett County, GA and are, therefore, subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §9-10-90 et. seq., individually and/or as joint tortfeasors. Plaintiff alleges on information and belief that these Defendants may, in some manner, be responsible for the acts or omissions alleged herein. Plaintiff may amend his Complaint for Damages to show the true names of these Defendants once their names have been ascertained.

6.

Defendants John Does 1 – 3 are individuals, corporations, limited liability companies, partnerships or other entities whose correct identities are currently unknown and who were employees and/or agents of Defendant and/or ABC Corps. 1 – 3 and were acting within the scope of their employment and/or agency for said defendants. Defendants John Does 1 – 3 are,

therefore, subject to the jurisdiction and venue of this Court. Accordingly, Defendant Schindler, Defendant Marriott and/or ABC Corps. 1 – 3 are liable for the acts and omissions of Defendants John Does 1 – 3.

7.

Upon information and belief, at all times relevant to the incident from which this action arises, Defendant Schindler, Defendant Marriott and/or ABC Corps. 1 – 3 owned, operated, managed and/or controlled the premises located at 35 14th Street NW, Atlanta, Georgia 30309 (hereinafter "the Premises").

8.

Jurisdiction and venue are proper in this Court.

9.

That for the purposes of the instant action, Defendants Schindler, Marriott, ABC Corps. 1 – 3, and John Does 1 – 3 are hereinafter collectively referred to as "Defendants".

## BACKGROUND

10.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 9 above as if fully restated.

11.

The incident and injuries giving rise to this negligence cause of action happened on August 4, 2019 at 35 14th Street NW, Atlanta, Georgia 30309, Fulton County, at the Marriott Suites Midtown wherein Plaintiff was injured on an elevator.

12.

Defendant Schindler provides installation, inspection, maintenance, repair, and servicing for elevators including the elevators located at the Marriott Suites Midtown.

13.

Defendant Marriott owns, operates, and manages the Marriott Suites Midtown including the elevators.

14.

Defendants are common carriers in relation to the elevators at the Marriott Suites Midtown and are bound to exercise extraordinary diligence to protect persons from injury while using the elevators.

15.

The true names or capacities of the Defendants named herein as ABC Corporations (1-3) and John Does (1-3) are unknown to Plaintiff. Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff alleges on information and belief that these Defendants may in some manner be responsible for the acts or omissions alleged herein. Plaintiff may amend his Complaint for Damages to show the true names of Defendants when their names have been ascertained.

16.

August 4, 2019, Plaintiff was a business invitee at the Marriott Suites Midtown.

17.

As a business invitee, Defendants owed Plaintiff a duty to keep the premises safe.

18.

As common carriers, Defendants owed Plaintiff a duty to exercise extraordinary diligence to protect persons from injury while using the elevators.

19.

While exercising reasonable care for his own safety, Plaintiff was ascending an elevator in the Marriott Suites Midtown.

20.

While the elevator was ascending, the elevator began to freefall, then stopped and then shot all the way to the 6th floor.

21.

As a result of the incident, Plaintiff began to fall to the ground and tried to keep his balance by grabbing onto a hand railing inside the elevator.

22.

As a direct and proximate result of the incident, Plaintiff suffered bodily injuries and has incurred medical expenses and lost wages.

### **NEGLIGENCE AND NEGLIGENCE PER SE**

23.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 22 above as if fully restated.

24.

The injuries and damages suffered by Plaintiff are directly due to and were proximately caused by the negligence and negligence per se of Defendants through their agents, servants, and employees, including, but not limited to, the following acts and other acts not yet discovered:

(a) Defendants failed to exercise ordinary care under the circumstances;

(b) Defendants failed to exercise extraordinary diligence to protect persons using the elevator;

(c) Defendants failed to ensure that its premises were safe and free from hazards and dangerous conditions which could result in injury to its business invitees in violation of O.C.G.A. § 51-3-1;

(d) Defendants knew that the elevators were malfunctioning and failed to perform repairs on the elevator and failed to place restrictive barricades or signs at the lobby to warn and prevent persons from accessing the elevator which created a foreseeable and dangerous hazard to its business invitees;

(e) Defendants failed to maintain the elevator in a safe condition;

(f) Defendants failed to warn Plaintiff of the dangerous and hazardous condition of the elevator which would have allowed him to avoid the hazard;

(g) Defendants failed to inspect the elevator and to maintain a lookout to discover the dangerous and hazardous condition of the elevator;

(h) Defendants failed to undertake any and all steps to prevent or warn persons from accessing the elevator which created a dangerous and hazardous condition to business invitees;

(i) Defendants failed to comply with applicable safety rules, regulations, industry standards, and local and state codes, including but not limited to, the Georgia Office of Insurance and Safety Fire Commissioner; American National Standards Institute; the American Society of Mechanical Engineers; and the Occupational Safety and Health Administration.

25.

Defendants knew or should have known, through the exercise of reasonable care, that the elevator created a dangerous and hazardous condition.

26.

Plaintiff was without any knowledge of the dangerous and hazardous condition of the elevator.

27.

Defendants' negligence was the sole proximate cause of Plaintiff's injuries, losses, and damages.

28.

Plaintiff was not negligent in contributing to or causing his injuries, losses, and damages.

29.

Plaintiff did not assume the risk of Defendants' negligence or any of Plaintiff's injuries, losses, and damages.

30.

Plaintiff could not have avoided his injuries in the exercise of reasonable care.

**DAMAGES**

31.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 30 above as if fully restated.

32.

As a direct and proximate result of Defendants' negligence, Plaintiff has sustained personal injuries which have caused his physical and mental pain and suffering, past, present and future.

33.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred lost wages and the following approximate medical expenses to date in the amount of $88,535.56 which amounts are subject to change, with the exact amount of damages to be proven at trial:

| | |
|---|---|
| Piedmont Hospital | $3,945.20 |
| Walker Lake Emergency Group | $1,374.00 |
| Summit Radiology | $115.00 |
| Barbour Orthopaedics | $67,271.56 |
| Barbour Surgery Center | $13,329.60 |
| Northlake Anesthesia | $2,500.00 |
| TOTAL MEDICALS TO DATE: | $88,535.56 |

34.

Plaintiff sues Defendants for mental and physical pain and suffering past, present and future in an amount to be determined by the enlightened conscience of a fair and impartial jury.

35.

Plaintiff sues Defendants for the value of his past and future medical expenses, with the exact amount of damages to be proven at trial.

36.

Plaintiff sues Defendants for the value of his lost wages, with the exact amount of damages to be proven at trial.

### ATTORNEY'S FEES AND EXPENSES OF LITIGATION

37.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 36 above as if fully restated.

38.

Plaintiff is entitled to the expenses of litigation where the Defendants have acted in bad faith, have been stubbornly litigious, or have caused Plaintiff unnecessary trouble and expense in bringing and maintaining a lawsuit pursuant to O.C.G.A. § 13-6-11.

39.

Defendants acted in bad faith by failing to ensure that the elevator at the Marriott Suites Midtown was safe and free from dangerous and hazards conditions that could result in injury to its business invitees in violation of O.C.G.A. § 51-3-1.

40.

Defendants acted in bad faith by failing to comply with applicable safety rules, regulations, industry standards, and local and state codes, including but not limited to, the Georgia Office of Insurance and Safety Fire Commissioner; American National Standards Institute; the American Society of Mechanical Engineers; and the Occupational Safety and Health Administration related to the related to the elevators at the Marriot Suites Midtown.

41.

Defendants have been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense in bringing and maintaining this lawsuit.

42.

The actions of Defendants entitle Plaintiff to recover attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

WHEREFORE, Plaintiff prays:

(a) For a trial by jury;

(b) That this Complaint for Damages be filed and that process issue and summons be served as provided by the law;

(c) That judgment be entered in favor of Plaintiff against Defendants for personal injuries sustained and for mental and physical pain and suffering, past, present, and future in an amount to be determined by the enlightened conscience of a fair and impartial jury;

(d) That judgment be entered in favor of Plaintiff against Defendants for past and future medical expenses, with the exact amount of damages to be proven at trial;

(e) That judgment be entered in favor of the Plaintiff against Defendants for lost wages, with the exact amount of damages to be proven at trial;

(f) That attorney's fees and expenses of litigation be taxed against Defendants pursuant to O.C.G.A. § 13-6-11; and

(g) That Plaintiff have such further relief as this Court may deem appropriate.

Respectfully submitted this 8th day of July, 2021.

                                        MONTLICK & ASSOCIATES, P.C.

                                        */s/ Nathan A. Kratzert*
                                        NATHAN A. KRATZERT
                                        Attorney for Plaintiff
                                        State Bar No. 375150

                                        */s/ Mark A. Molina*
                                        MARK A. MOLINA
                                        Attorney for Plaintiff
                                        State Bar No. 316579

17 Executive Park Drive, Suite 300
Atlanta, Georgia 30329
(404) 235-5000
nkratzert@montlick.com
mmolina@montlick.com